Mitchell F. Boomer (State Bar No. 121441)
S. Christine Young (State Bar No. 253964)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
boomerm@jacksonlewis.com
youngc@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. KAVITZ,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>    Defendant. | Case No. CV 08 5591 SBA<br><br>**NOTICE OF MOTION, MOTION TO TRANSFER VENUE, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[28 U.S.C. §1404(a)]**<br><br>Date: May 12, 2009<br>Time: 1:00 p.m.<br>Courtroom: 3<br><br>Complaint Filed: December 16, 2008<br>Trial Date: None set |

TO PLAINTIFF DAVID KAVITZ AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 12, 2009 at 1:00 p.m. or as soon thereafter as the motion may be heard in Courtroom 3 of the United States District Court – Northern District of California, Oakland Division at 1301 Clay Street, 3rd Floor, Oakland, California, Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM") will and hereby does move the Court for an order transferring the above-captioned action from the Northern District of California to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a).

1

IBM brings this motion on the grounds that the circumstances of this case, the convenience of the parties and witnesses, and the interests of justice, require this matter be litigated in the United States District Court for the Southern District of New York.

Defendant bases this motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Hugh Flannery, the Request for Judicial Notice, and any other papers or evidence that may properly come before this Court.

## I.  INTRODUCTION

Plaintiff David Kavitz ("Kavitz") has worked for IBM as a sales representative from 2001 through the present. Plaintiff's complaint asserts claims for (1) breach of contract; (2) violation of the covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) money had and received. Kavitz's claims reduce to one theory: that IBM wrongfully reduced the commission he earned for a single sales deal with Motorola in 2006.

California is an inappropriate forum for this case because all the relevant activities and witnesses were, at all times, located outside California. IBM is a New York corporation which maintains headquarters in Armonk, New York. In 2006, Kavitz resided in Texas and was associated with IBM's Texas offices. Kavitz still resides in Texas, though is now associated with IBM's office in Atlanta, Georgia. In 2006, Kavitz conducted no business on behalf of IBM in the State of California. Motorola maintains headquarters in Illinois. The pertinent witnesses, including Kavitz's managers, other IBM employees who assisted with the Motorola sales deal, and the IBM executives who decided to reduce Kavitz's commission—all reside outside California.

Kavitz has absolutely no basis for asserting venue in Northern California. By filing in California, it appears Kavitz has simply shopped for a forum he believes will be favorable to him and/or disadvantageous for IBM. Since this matter bears no pertinent connection to the Northern District of California, IBM respectfully requests this matter be transferred to the United States District Court for the Southern District of New York.[1]

---

[1] Defendant chose the Southern District of New York because it appears the greatest number of witnesses reside in New York. However, Defendant acknowledges that venue also may be appropriate in Illinois, Texas, and Georgia. What is clear is that this case should not be in California.

2

NOTICE OF MOTION, MOTION TO TRANSFER VENUE AND  
SUPP. MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. CV 08 5591 SBA

## II. STATEMENT OF ISSUES

Whether the Court should transfer this matter to the United States District Court for the Southern District of New York pursuant to 28 USC §1404(a).

## III. STATEMENT OF FACTS

### A. Procedural Background

On or about December 16, 2008, Plaintiff filed a complaint in the United States District Court for the Northern District of California alleging: (1) breach of contract; (2) violation of the covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) money had and received. [Request for Judicial Notice ("RJN"), Exhibit A (Plaintiff's Complaint).] No discovery or motions have occurred, other than the instant motion.

### B. Factual Background

IBM is a world leader in business intelligence and provides, among other products, computer software that enables companies to improve business performance by enhancing business decision-making at all levels of an organization. [Declaration of Hugh Flannery ("Flannery Decl.") at ¶2.] IBM is a New York corporation with its U.S. Headquarters located in Armonk, New York. [Flannery Decl. at ¶2.]

Prior to working for IBM, Kavitz worked as a sales representative for Informix Data Base Software ("Informix"). [RJN, Ex. A.] In 2001, IBM acquired Informix and hired Kavitz to work as a sales representative in its Central Region. The Central Region spanned North Dakota, South Dakota, Nebraska, Minnesota, Iowa, Wisconsin, Illinois, Michigan, Indiana, Kentucky, Ohio, Western Pennsylvania, West Virginia, and the greater St. Louis area. [Flannery Decl. at ¶3.] In 2006, Kavitz worked out of IBM's office in Austin, Texas. [Flannery Decl. at ¶5.] From October 2005 to January 2007, Kavitz reported directly to Andre Temidis, Sales Manager for the Central Region. [Flannery Decl. at ¶4.] When he supervised Kavitz, Temidis resided in New York State. Temidis still resides in New York State. [Flannery Decl. at ¶4.]

In 2006, IBM presented Kavitz with an Incentive Plan Letter ("The Plan") outlining the

3

NOTICE OF MOTION, MOTION TO TRANSFER VENUE AND
SUPP. MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. CV 08 5591 SBA

sales goals IBM expected Kavitz to meet. The Plan included the following language:

> IBM management reserves the right to review and, at its sole discretion, adjust incentive payments associated with transactions: (1) which are disproportionate when compared with the territory opportunity or quota size; or (2) for which the incentive payments are disproportionate when compared with the individual's performance contributions toward the transactions.

[Flannery Decl. at ¶6.) Also in 2006, IBM negotiated a large transaction with Motorola. Multiple IBM employees assisted with this transaction, including Kavitz. For the Motorola deal, Kavitz did not travel to California or transact business in California. [Flannery Decl. at ¶¶8, 10.] To the contrary, Motorola's headquarters are located in Illinois, and Kavitz's sales efforts occurred in Texas and Illinois. [Flannery Decl. at ¶¶5, 8.]

Kavitz had a sales quota of approximately $1.7 million in 2006. Kavitz's sales quota reflected the amount of business IBM expected to bring in during 2006. [Flannery Decl. at ¶7.] Kavitz's involvement with the Motorola transaction meant that Kavitz exceeded his sales quota by approximately 150 percent. [Flannery Decl. at ¶9.] Given the number of employees who worked on the Motorola deal and the size and type of the deal, IBM decided to invoke the significant transaction rule and reduce Kavitz's commission. [Flannery Decl. at ¶9.] The primary people who discussed and decided to reduce Kavitz's commission for the Motorola deal were Hugh Flannery ("Flannery"), Bill Sullivan ("Sullivan"), and Denyse Cromwell Mackey ("Cromwell Mackey"). Flannery, Sullivan, and Cromwell Mackey all reside in New York State. [Flannery Decl. at ¶9.]

Again, Kavitz did not conduct business for IBM in California. No one to whom Kavitz reported resided in California, and no one who participated in the decision to reduce Kavitz's commission for the Motorola deal worked or resided in California. [Flannery Decl. at ¶10.] Kavitz lives in Texas and is associated with IBM's office in Atlanta, Georgia. [Flannery Decl. at ¶11.] Accordingly, not a single witness resides in California. [Flannery Decl. at ¶¶4-5, 9-10.]

## IV. LEGAL DISCUSSION

### A. The Court Has Discretion to Transfer Matters to a More Convenient Forum Pursuant to 28 U.S.C. § 1404(a).

Venue is governed by 28 U.S.C. § 1404(a). Under Section 1404(a), a district court has discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-499 (9th Cir. 2000) (citing *Stewart Org., Inc., v. Ricoh Corp.,* 487 U.S. 22, 29, (1988)). Section 1404(a) further provides that "for the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a) (1998). In other words, the transferee court must have personal jurisdiction over the defendant and subject matter of the claim.

In deciding a motion to transfer venue, the court must determine whether the action "might have been brought" in the potential transferee court. *Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960); *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985). If so, then the court makes an "individualized, case-by-case determination of convenience and fairness," weighing: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). These factors are referred to below as the "*Jones v. GNC* factors." In weighing these factors, the court may take into account: "(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof." *Jones,* 211 F.3d at 498-99; accord: *Biswas v. HR Value Group, LLC,* 2002 U.S. Dist. LEXIS 19164 (N.D. Cal. Oct. 3, 2002), citing *Decker Coal Co. v. Commonwealth Edison,* 805 F.2d 834, 843 (9th Cir. 1983).

Here, while there is a question as to whether venue would be most proper in Georgia, Texas, Illinois, or New York, no question exists that venue is improper in the Northern District of

California. As detailed below, all *Jones v. GNC* factors weigh heavily in favor of transferring this matter out of California.

      B.       <u>Analysis of the *Jones v. GNC* Factors Overwhelmingly Favors Transfer.</u>

            1.       **This Action Could Have Been Brought in the Southern District of New York.**

As set forth above, transfer under Section 1404(a) must be to a court where the action "might have been brought." 28 U.S.C. 1404(a). The Southern District of New York is a proper venue for this action. The Southern District of New York has personal jurisdiction over IBM because IBM is headquartered in New York. [Flannery Decl. at ¶2.]

            2.       **Convenience of the Parties Favors Transfer to New York.**

Virtually all *Jones v. GNC* factors for analyzing the convenience of the parties weigh heavily in favor of transferring this case to New York. As noted above, this case has literally no connection to California. Thus, nothing suggests the cost of litigating in California would be less than it would be in New York. To the contrary, since the majority of witnesses and documents are located in New York, the Court can and should reasonably expect that litigation would be more efficient in New York, and thus that fees would be appreciably less. Furthermore, the New York court could more easily effect and enforce compulsory process.

            a.       **The Court Should Give Only Minimal Consideration to Plaintiff's Choice of Forum, As None of the Operative Facts Occurred in California.**

While courts may accord weight to Plaintiff's choice of forum, it "is not the final word." (RJN, Ex. C, ¶3, *Jarvis v. Marietta Corporation,* 1999 U.S. Dist. LEXIS 12659 *6, 9 (N.D. Cal. 1999)). If the operative facts have not occurred within the forum of original selection, and that forum has no particular interest in the parties or the subject matter, then the plaintiff's choice deserves only minimal consideration. *DeFazio v. Hollister Employee Share Ownership Trust,* 406 F. Supp.2d 1085, 1088 (E.D. Cal. 2005) citing *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987), *cert denied,* 485 U.S. 993 (1988).

Nothing suggests that this forum has any interest, let alone a "particular interest," in the

matter at issue. Other than his attorney, Kavitz does not appear to have any contacts with the Northern District of California. While California does have an interest in protecting its citizens, Kavitz was not a California citizen during the relevant events, nor is he a California citizen now. More importantly, all the alleged events in this case happened outside California. [Flannery Decl. at ¶¶3-10.]

In short, Kavitz has no meaningful connection to California. Therefore, while Kavitz' choice of forum would ordinarily be entitled to limited deference only, it deserves negligible deference in this case. *Teknekron Software Systems, Inc. v. Cornell Univ.*, 1993 U.S. Dist. LEXIS 21337, (N.D. Cal. 1993) (finding that because the action's 'center of gravity' was in New York, where almost all the allegedly infringing activity occurred, the plaintiff's choice of forum was only entitled to limited deference).

For all these reasons, the first *Jones v. GNC* factor—convenience of the parties—strongly favors venue in the Southern District of New York.

### 3. The Convenience of Witnesses Favors Transfer to New York.

Convenience of witnesses represents one of the most important factors in considering a transfer motion. See *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Here, none of the witnesses – not even Plaintiff – reside in California. [Flannery Decl. at ¶¶4-5, 8-11; RJN, Exhibit A.] To the extent some key witnesses may no longer be IBM employees, they could not be compelled to testify at trial in California.

Significantly, all decisions regarding Plaintiff's compensation for the Motorola deal were made by managers and supervisors who reside and work in New York. [Flannery Decl. at ¶¶9-10.] Accordingly, the second *Jones v. GNC* factor—convenience of witnesses—heavily favors transferring this case out of California.

Similarly, all documents, and all individuals having access to those documents, are located in Texas, New York, Illinois, or Georgia. [Flannery Decl. at ¶¶4-5, 8-11.] When the location of the evidence is supported by other factors in favor of transfer, the relative ease of access to proof becomes an important factor in deciding whether to grant a motion to transfer under Section 1404(a). *Jarvis v. Marietta Corp.*, 1999 U.S. Dist. LEXIS 12659 (N.D. Cal. 1999).

7

NOTICE OF MOTION, MOTION TO TRANSFER VENUE AND SUPP. MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. CV 08 5591 SBA

IBM maintains its headquarters in New York; in 2006, Kavitz was associated with IBM's Texas offices; Motorola is headquartered in Illinois; and Kavitz currently resides in Texas and is associated with IBM's office in Atlanta, Georgia. It follows that any documents regarding Plaintiff's employment and complaints, as well as any correspondence, memoranda and other records maintained by IBM regarding its business decisions relative to Plaintiff's employment, will be located in Texas, Illinois, New York, or Georgia. With all the relevant documents located outside of California, litigating this case in the Northern District of California would result in significant expense and inconvenience, and could possibly create evidentiary issues plaguing all parties, many of which would be avoided by transferring this matter to the Southern District of New York. Thus, the second *Jones v. GNC* factor—convenience of witnesses—also strongly supports granting IBM's motion to transfer.

### 4. The Interests of Justice Favor Transferring this Action to New York.

Finally, the interests of justice represent the final *Jones v. GNC* factor. One important consideration is the "local interest in having local controversies decided at home." *Decker Coal*, 805 F.2d at 843. As set forth above, other than Plaintiff unilaterally choosing to file his case in California, nothing connects his action to the Northern District of California. As this Court has stated, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or subject matter, the plaintiff's choice of forum is entitled to only minimal consideration." (RJN, ¶3, *Jarvis v. Marietta Corp.*, (1999) U.S. Dist. LEXIS 12659 *6, 9.)

Again, every action related to Plaintiff's claims occurred in Texas, Illinois, or New York. IBM, a New York corporation, is the sole defendant in this action. Kavitz, a citizen of Texas, is the sole plaintiff. Just as California would have had an interest in protecting its citizens (if Kavitz had been one), New York clearly has an interest in protecting IBM. See *Hi-Pac, Ltd. v. Avoset Corp.*, 980 F. Supp. 1134, 1141 (D. Haw. 1997). In the absence of any meaningful connection to the district in which an action is filed, courts should exercise their discretion to transfer cases to more appropriate venues. This holds especially true in the instant matter, as the majority of

NOTICE OF MOTION, MOTION TO TRANSFER VENUE AND                    CASE NO. CV 08 5591 SBA
SUPP. MEMORANDUM OF POINTS AND AUTHORITIES

documentary evidence and witnesses are located in New York.  Plaintiff cannot credibly complain about having the case transferred to New York because he cannot identify a single connection between his claims and the State of California.

Accordingly, the final *Jones v. GNC* factor also favors transferring this matter to the Southern District Court of New York.

## V. CONCLUSION

Plaintiff plainly had no business filing this case in California.  For the aforementioned reasons, IBM respectfully requests that this action be transferred to the United States District Court for the Southern District of New York.

Dated: April 7, 2009					JACKSON LEWIS LLP

							By: _____
							Mitchell F. Boomer
							S. Christine Young
							Attorneys for Defendant
							INTERNATIONAL BUSINESS
							MACHINES CORP.