Mitchell F. Boomer (State Bar No. 121441)
S. Christine Young (State Bar No. 253964)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
boomerm@jacksonlewis.com
youngc@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. KAVITZ,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant. | Case No. CV 08 5591 SBA<br><br>**DECLARATION OF HUGH FLANNERY IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Complaint Filed: December 16, 2008<br>Trial Date: None set |

I, Hugh Flannery, do hereby declare:

1. I am a citizen of the United States of America, and currently reside in New York State. I have worked for International Business Machines Corporation ("IBM") for approximately seven years. I started working for IBM when IBM acquired Informix Data Software ("Informix") in 2001. When I started working for IBM, I was a sales manager. I held that position for approximately a year and a half. Then, I was promoted to my current position of Business Unit Executive. I have personal knowledge of the matters set forth below, and if called to do so, I could and would testify as follows.

2. IBM is a world leader in business intelligence and provides computer software that enables companies to improve business performance by enhancing business decision-

1

DECLARATION OF HUGH FLANNERY
ISO DEFT'S MOTION TO TRANSFER VENUE

CASE NO. CV 08 5591

making at all levels of an organization. IBM is a Delaware corporation with its U.S. headquarters located in Armonk, New York.

3. Plaintiff David Kavitz ("Kavitz") also started working for IBM when IBM acquired Informix. IBM hired Kavitz as a sales representative and assigned him to IBM's Central Region. IBM's Central Region spanned North Dakota, South Dakota, Nebraska, Minnesota, Iowa, Wisconsin, Illinois, Michigan, Indiana, Kentucky, Ohio, Western Pennsylvania, West Virginia, and the greater St. Louis area.

4. From October 2005 to January 2007, Kavitz reported directly to Andre Temidis ("Temidis"), Sales Manager for the Central Region. I believe that when he supervised Kavitz, Temidis resided in New York State and that Temidis still resides in New York State.

5. In 2006, I supervised Temidis, which made me Kavitz's second line manager. I knew that in 2006, Kavitz worked out of IBM's office in Austin, Texas and that his main client was Motorola. I also knew that Motorola's headquarters were in Illinois.

6. In 2006, IBM presented Kavitz with an Incentive Plan Letter ("The Plan") outlining the sales goals IBM expected Kavitz to meet. The Plan included the following language:

> IBM management reserves the right to review and, at its sole discretion, adjust incentive payments associated with transactions: (1) which are disproportionate when compared with the territory opportunity or quota size; or (2) for which the incentive payments are disproportionate when compared with the individual's performance contributions toward the transactions.

(hereinafter referred to as "Significant Transaction Clause").

7. Kavitz had a sales quota of approximately $1.7 million in 2006. Kavitz's sales quota reflected the amount of business IBM expected Kavitz to bring in during 2006.

8. In 2006, IBM negotiated a large transaction with Motorola. Multiple IBM employees assisted with this transaction, including Kavitz. For the Motorola deal, Kavitz did not travel to California or transact business in California. Kavitz's sales efforts mainly occurred in Texas and Illinois.

2

DECLARATION OF HUGH FLANNERY
ISO DEFT'S MOTION TO TRANSFER VENUE

CASE NO. CV 08 5591

9. Kavitz's involvement with the Motorola transaction meant that Kavitz exceeded his sales quota by over 150 percent. Given the number of employees who worked on the Motorola deal and the size and type of the deal, IBM decided to invoke the significant transaction rule and reduce Kavitz's commission. I discussed reducing Kavitz's commission for the Motorola deal with Temidis, Bill Sullivan ("Sullivan"), and Denyse Cromwell Mackey ("Cromwell Mackey"). I believe Sullivan and Cromwell-Mackey reside in New York State.

10. Kavitz did not conduct business for IBM in California. No one to whom Kavitz reported resided in California, and no one involved in decisions affecting Kavitz's employment or compensation resided in California. No one who participated in the decision to reduce Kavitz's commission on the Motorola deal worked or resided in California.

11. I know that Kavitz currently works out of one of IBM's Georgia offices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed in _NYC_, New York, on March 27, 2009.

_Hugh Flannery_
Hugh Flannery