

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID A. KAVITZ,

                Plaintiff,

- against -

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                Defendant.

09-CV-05710 (CM)(DFS)

**STIPULATION AND ORDER OF CONFIDENTIALITY**

        IT IS HEREBY STIPULATED AND AGREED by and between counsel for David A. Kavitz ("Plaintiff"), and counsel for Defendant IBM (International Business Machines Corporation) ("Defendant" or "IBM"), that:

        1. Any party may designate as "Basic Confidential Matter" any document or information which it, in good faith, believes is confidential business or personal information. The entering into this Stipulation shall not constitute an acknowledgment by the parties that material designated as "Confidential Matter" is in fact confidential and such designation shall have no precedential or evidentiary value. The parties are entering into this Stipulation in order to facilitate discovery.

        2. Any party may designate as "Confidential Matter – Attorney's Eyes Only" any document or information which its counsel, in good faith, believes is of such a highly sensitive nature that its disclosure should be limited to counsel for the parties. "Basic Confidential Matter" and "Confidential Matter – Attorney's Eyes Only" shall hereinafter be referred to as "Confidential Matter".

        3. The protections conferred by this Stipulation and Order of Confidentiality cover not only "Confidential Matter," but also any information copied or extracted therefrom, as

well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal "Confidential Matter."

4. "Confidential Matter" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose or lawsuit.

5. No designation of confidentiality shall be made unless it is significant to the party that the designated matter be kept confidential and the party would consider this matter, in the absence of litigation, to be confidential.

6. This Stipulation and Order of Confidentiality will extend to information or material derived from a source other than from a party to this litigation if that source was contacted solely in regard to this litigation and if the information or material received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential Matter."

7. No designation of "Confidential Matter" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice for "Basic Confidential Matter" and a "CONFIDENTIAL - ATTORNEY'S EYES ONLY" notice for "Confidential Matter – Attorney's Eyes Only" or the equivalent of each. Any confidential designation which is inadvertently omitted subsequent to the entry of this Stipulation and Order of Confidentiality may be corrected by written notification to the opposing party.

8. Deposition transcript pages containing "Confidential Matter" must be separately bound by the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if so instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

9. For information produced in some form other than documentary, and for any other tangible items, the producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY".

10. "Basic Confidential Matter" may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees of counsel for the parties to this litigation including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic and clerical personnel assisting such counsel in this action; (iv) Defendant's in-house attorneys and litigation support staff; (v) Plaintiff; (vi) the author of the document or the original source of the information; (vii) individuals retained as expert witnesses; (viii) third party deponents to whom disclosure is reasonably necessary; and (ix) employees of Defendant and other persons designated by Defendant's counsel, provided, however, that disclosure of "Basic Confidential Matter" to any such individual will be restricted to such "Basic Confidential Matter" as Defendant's counsel reasonably and in good faith believe need be disclosed to the individual in order for counsel properly to prepare the case for trial.

11. Any information or material designated "Basic Confidential Matter" shall be disclosed only to those persons designated in paragraph 10 (v), (vi), (vii), (viii), and (ix): (a) who shall have read this Order; and (b) who, prior to the receipt of any "Basic Confidential Matter," shall agree to be bound by the terms hereof and sign the "Agreement to Be Bound by Protective Order" (Exhibit A). Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Order of Confidentiality if the party claiming confidentiality consents in writing to such

disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

12. "Confidential Matter – Attorney's Eyes Only" may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees of counsel for the parties to this litigation including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic and clerical personnel assisting such counsel in this action; (iv) Defendant's in-house attorneys; (v) the author of the document or the original source of the information; (vi) individuals retained as expert witnesses; (vii) persons designated by counsel provided, however, that disclosure of "Confidential Matter – Attorney's Eyes Only" to any such individual will be restricted to such "Confidential Matter" as counsel reasonably and in good faith believe need be disclosed to the individual in order for counsel properly to prepare the case for trial.

13. Any information or material designated "Confidential Matter – Attorneys Eyes Only" shall be disclosed only to those persons designated in paragraphs 12 (v), (vi) and (vii) after counsel seeking to disclose such "Confidential Matter – Attorneys Eyes Only" has obtained written approval from counsel to the party who produced the "Confidential Matter – Attorneys Eyes Only" after requesting such disclosure in writing. Counsel for the producing party shall not unreasonably withhold such approval. In the event counsel are unable to agree to the disclosure of "Confidential Matter – Attorneys Eyes Only" to persons designated in paragraph 12 (v), (vi) and (vii) such "Confidential Matter – Attorneys Eyes Only" shall only be disclosed to them upon Court Order. In addition, "Confidential Matter – Attorneys Eyes Only" shall only be disclosed to persons designated in paragraph 12 (v), (vi) and (vii): (a) who shall have read this Order; and (b) who, prior to the receipt of any "Confidential Matter – Attorney's

Eyes Only", shall agree to be bound by the terms hereof and sign the "Agreement to Be Bound by Protective Order" (Exhibit A).

14. If a receiving party learns that, by inadvertence or otherwise, it has disclosed "Confidential Matter" to any person or in any circumstance not authorized under this Stipulation and Order of Confidentiality, the receiving party must immediately (a) notify in writing the counsel for the other party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the "Confidential Matter," (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order of Confidentiality, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15. If any party or counsel wishes to use or inquire into "Confidential Matter" at any deposition, the portion of the deposition transcript that relates to the "Confidential Matter" shall be designated and treated as "Confidential Matter" and shall be subject to the confidentiality/protective provisions herein.

16. A party may apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated as "Confidential Matter" is not entitled to such status and protection. The party or other person that designated the document as "Confidential Matter" shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

17. In the event that Plaintiff or Defendant wish to file any "Confidential Matter" with the Court, the parties shall: (1) file established "Confidential Matter" pursuant to any court established directions or procedures; or (2) in the absence of any court established directions or

procedures, submit established "Confidential Matter" to the Court under seal which will then be maintained by the Court under seal until further order of the Court pursuant to the following procedure. Whenever "Confidential Matter" (or any pleading, motion or memorandum referring to them) is proposed to be filed with the Court under seal, the party seeking to make such filing must either provide the other party sufficient notice to make a motion or must itself prior to filing such materials submit a motion and accompanying order which includes: (a) proposed reasons supported by specific factual representations to justify the sealing; and (b) an explanation why alternatives to sealing would not provide sufficient protection.

18. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

19. Should any party to this Stipulation and Order of Confidentiality become obligated to produce any "Confidential Matter" in response to a third party's service of a subpoena or other legal process, said party will notify the party claiming confidentiality of such service prior to the date production of the "Confidential Matter" is due and no later than five (5) days of its receipt.

20. This Stipulation and Order of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material and information. Nothing contained in this Stipulation and Order of Confidentiality is intended to, or shall be construed to, waive any objections by any party, including objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action.

21. Nothing contained in this Stipulation and Order of Confidentiality shall be construed to prevent any party from making applications to the Court for revision of the terms of this Stipulation and Order of Confidentiality.

22. Nothing contained in this Stipulation and Order of Confidentiality shall restrict or impair a party's ability to use its own designated "Confidential Matter."

23. All "Confidential Matter" and all copies thereof are to be returned to the party claiming confidentiality or destroyed within thirty (30) days after trial, appeal, settlement or other final resolution of this action.

24. Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order of Confidentiality shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs. In addition, the parties agree to be bound by this agreement pending approval of the Court.

Respectfully submitted,

Alfred Dovbish
98 Main Street, Ste. 216
Tiburon, CA 94920

Dated: October 27, 2009  By: _____
Tiburon, California           Alfred Dovbish*

ATTORNEY FOR PLAINTIFF
* *Admitted pro hac vice*

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Dated: October 26, 2009  By: _____
New York, New York           Kevin G. Lauri (KL 8714)
                             ~~Dana G. Weisbrod~~ (PM 8845)
                             Peter C. Moskowitz

ATTORNEYS FOR DEFENDANT

It is SO ORDERED this
2__ day of _____, 2009

_____
U.S.D.J.

This order is subject to revision if the court concludes the material designated "Confidential" is in fact not confidential.

7

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order of Confidentiality that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of *David A. Kavitz v. International Business Machines Corporation.* Case No. 09-CV-05710 (CM)(LMS). I agree to comply with and to be bound by all the terms of this Stipulation and Order of Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Order of Confidentiality to any person or entity, except in compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulation and Order of Confidentiality, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____